UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRANDON BRADLEY, SR.,

        Plaintiff,

        v.                                        Case No. 20-C-82

JOSEPH BEAHM, et al.,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Brandon Bradley, Sr., who is currently serving a state prison sentence at Columbia Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2). On January 21, 2010, the court waived the initial partial filing fee. On January 27, 2020, Plaintiff indicated that he wished to proceed with this action. Therefore, the court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee and screen the complaint.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that on May 30, 2018, he overdosed on medication while housed in the restricted housing unit. He claims that non-defendant Nurse Jennifer Kaycon left him standing in the strip cage for some time with his hands cuffed behind his back. Nurse Jensen, who is not named as a defendant, then came in around 9:00 A.M. and asked Plaintiff if he wanted to go to the hospital. Plaintiff was sent to the hospital, where he stayed until June 1, 2018. When he

returned to Waupun Correctional Institution, Sergeant Beahm ordered Dr. Deblanc to place Plaintiff in a kilt, even though Plaintiff was a transgender inmate. Plaintiff claims he did not receive his trays, so he flooded his cell on June 2, 2018. Sergeant Beahm came to Plaintiff's cell door and ordered him to cuff up. Plaintiff alleges that, when the door opened, Sergeant Beahm, Sergeant Bliegler, CO Oneill, and CO Dorn ran into his cell and began punching and kicking him. Plaintiff was then dragged nude to the strip cage area where he was attacked in the same manner in front of a female officer. Sergeant Beahm then called over the radio, and non-defendant Lt. Sanchez came over.

After the officers returned Plaintiff to his cell nude, Plaintiff flooded his cell again. Sergeant Fisher, Bliegler, Dorn, Oneill, and Adderton arrived at Plaintiff's cell, and Sergeant Fisher ordered Plaintiff to cuff up. When the door opened, Plaintiff claims these officers punched, kicked, kneed, and elbowed Plaintiff, and Sergeant Fisher tazed Plaintiff while he was standing in water. Plaintiff was then brought to the shower naked.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff asserts that Beahm, Bliegler, Adderton, Oneill, Fisher, and Dorn violated his constitutional rights by using excessive force against him. The Supreme Court has held that the core judicial inquiry in an excessive force case is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *See Hudson v. McMillian*, 503 U.S. 1, 6 (1992).

3

Based on the allegations contained in the complaint, Plaintiff has stated a claim for excessive force under the Eighth Amendment against these defendants. Although Plaintiff names Brian Foster as a defendant, the complaint does not contain any allegations against him. Accordingly, Brian Foster will be dismissed as a defendant.

## MOTION TO APPOINT COUNSEL

Plaintiff has filed a motion to recruit counsel. Civil litigants do not have a constitutional or statutory right to appointed counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Yet, district courts have discretion to recruit attorneys to represent indigent parties in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Id.* at 654. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Id.* at 654–55 (citing *Farmer v. Haas*, 990 F.2d 319, 321–22 (7th Cir. 1993)). In this case, Plaintiff has not demonstrated that he has made a reasonable attempt to recruit counsel on his own. But even if Plaintiff had made a reasonable attempt, Plaintiff has failed to demonstrate a need for court-recruited counsel. Plaintiff has not alleged that he is incompetent and has provided no specific evidence to support a finding that he lacks the competency to represent himself. Plaintiff asserts that he has a limited knowledge of the law and does not have access to the law library. Despite these arguments, the court finds Plaintiff competent to proceed *pro se* in this case.

It is not enough to say that a lawyer might do a better job handling the case, since that would almost always seem to be the case. Rather, the question is whether the plaintiff would be unable to coherently present the case to a judge or jury. There is no indication in the record that

4

Plaintiff's education or intelligence is limited. In short, there is nothing in the record to suggest that Plaintiff does not have the same competence to represent himself as the vast number of other *pro se* litigants who cannot afford to hire an attorney and are unable to convince one to take their case on a contingent fee basis. In addition, this case is not complex. Plaintiff's claim appears to be a straightforward Eighth Amendment excessive force claim. Plaintiff has knowledge of many of the relevant facts concerning his claim. I conclude that the difficulty of this case—both factually and legally—does not exceed Plaintiff's capacity to represent himself. Accordingly, Plaintiff's motion to appoint counsel will be denied without prejudice. The court will give further consideration to Plaintiff's request as the case proceeds.

### MOTION TO COMPEL

Plaintiff filed a motion to compel on January 16, 2020. Ordinarily, discovery does not begin until after the court has reviewed the complaint under § 1915A and has entered a scheduling order setting deadlines for discovery and dispositive motions. At this stage, Plaintiff's motion to compel is premature and will be denied without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Dkt. No. 4) is **DENIED without prejudice**. The court will give further consideration to Plaintiff's request as the case proceeds.

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel (Dkt. No. 5) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Brian Foster is **DISMISSED** as a defendant.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh

Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.  If Plaintiff is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.  It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address.  Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.  Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this 11th day of February, 2020.

> s/ William C. Griesbach
> William C. Griesbach, District Judge
> United States District Court