BRANDON BRADLEY, SR.,

      Plaintiff,

    v.                                 Case No. 20-C-82

JOSEPH BEAHM, et al.,

      Defendants.

## ORDER

Plaintiff Brandon Bradley, Sr., who is currently serving a state prison sentence at Columbia Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On February 11, 2020, the court screened Plaintiff's complaint and allowed him to proceed on an excessive force claim against Beahm, Bliegler, Adderton, Oneill, Fisher, and Dorn. Presently before the court is Plaintiff's motion for leave to file an amended complaint. Rule 15 provides that a plaintiff may amend his complaint once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15. Therefore, the court will grant Plaintiff's motion and screen the amended complaint.

### SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A

claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

### ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that, on May 30, 2018, at around 7:30 p.m., he overdosed on approximately 20 pills. He claims Nurse Kacyon left him standing in the strip cage for some time with his hands cuffed behind his back. Nurse Jenson came in at approximately 9:00 p.m. and asked Plaintiff if he wanted to go to the hospital. Plaintiff responded that he did want to go to the hospital.

On June 1, 2018, Plaintiff returned to the institution from the hospital. Dr. Deblanc went to the Restricted Housing Unit (RHU) to place Plaintiff on observation status. Plaintiff began yelling to Dr. Deblanc that Plaintiff was transgender and did not want to be placed in a kilt. Sergeant Beahm pulled Dr. Deblanc to the side to talk to her. Dr. Deblanc returned stating that Plaintiff would be placed in a kilt. Upon returning to cell A227, Plaintiff noticed he had a seg

2

loaf sticker on his door. Plaintiff claims he did not receive lunch trays on June 1, 2018 and June 2, 2018. As a result, Plaintiff flooded his cell on June 2, 2018.

Sgt. Beahm arrived at Plaintiff's cell door at approximately 1:45 p.m. and ordered Plaintiff to cuff up. Plaintiff complied with the directive. When the door popped, Sgt. Beahm, slid into Plaintiff's cell before the door fully opened. CO Oneill, CO Bliegler, CO McCrawley, and CO Dorn began to physically attack Plaintiff while Sgt. Beahm groped Plaintiff's breasts, buttocks, and "penis/vagina." Dkt. No. 22-1 at 3. Plaintiff asserts that the attack consisted of punches to Plaintiff's body, face, back, chest, and leg. Plaintiff was dragged to the strip cage area while CO Ridley mopped up the floor. Plaintiff asserts he was again attacked in the same manner in front of CO Cathy Barkhurst. Sgt. Beahm called over the radio to Lt. Sanchez, who saw Plaintiff being attacked and failed to intervene. The officers dragged Plaintiff backwards and put Plaintiff in his cell without a kilt. Plaintiff then flooded his cell. Sgt. Fisher came to his cell and ordered Plaintiff to cuff up. When the doors opened, Bliegler, Dorn, Adderton, and Oneill began punching, kicking, kneeing, and elbowing Plaintiff. Sgt. Fisher tazed Plaintiff twice in the back even though Plaintiff was not resisting. CO Ridley mopped up Plaintiff's floor while the other officers dragged Plaintiff to the shower. Plaintiff bit through his spit mask and spit at CO Adderton. The officers suited up into riot gear and walked Plaintiff to his cell.

Plaintiff subsequently filed complaints with the Department of Corrections, inmate complaint examiners, and Prison Rape Elimination Act investigators. He asserts that, in retaliation for his complaints, the defendants retaliated against him by altering videos, altering incident reports, and hindering the investigation.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Based on the court's reading of the amended complaint, it appears Plaintiff is attempting to improperly bring unrelated claims in a single case. As instructed by the Seventh Circuit Court of Appeals, under the controlling principle of Rule 18(a) of the Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607. Moreover, the court in *George* reminded district courts that Rule 20 of the Federal Rules of Civil Procedure applies as much to prisoner cases as it does to any other case. *Id.* Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. In this case, Plaintiff alleges that the defendants violated his rights in unrelated ways. Rather than dismiss the pleading with instructions to amend it, the court will allow Plaintiff

4

to proceed on his related claims and dismiss the unrelated claims without prejudice, as explained in more detail below.

Plaintiff asserts that CO Oneill, CO Bliegler, CO McCrawley, CO Dorn, and CO Adderton, violated his constitutional rights by using excessive force against him. The Supreme Court has held that the core judicial inquiry in an excessive force case is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *See Hudson v. McMillian*, 503 U.S. 1, 6 (1992). Based on the allegations contained in the amended complaint, Plaintiff has stated a claim for excessive force under the Eighth Amendment against these defendants.

Plaintiff also alleges he was sexually assaulted by Sgt. Beahm. "An unwanted touching of a person's private parts, intended to humiliate the victim or gratify the assailant's sexual desires, can violate a prisoner's constitutional rights whether or not the 'force' exerted by the assailant is significant." *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012). Plaintiff will be allowed to proceed against Sgt. Beahm on this claim.

Plaintiff has also stated a failure to intervene claim against CO Barkhurst, Lt. Sanchez, and CO Ridley. Under certain circumstances, "a state actor's failure to intervene renders him or her culpable under § 1983." *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). An inmate asserting a failure to intervene claim against officers who were present when the inmate's constitutional rights were violated by a different officer must show that the officers had reason to know that excessive force was being used and the officers "had a realistic opportunity to intervene to prevent the harm from occurring." *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009). Plaintiff claims these defendants observed other officers use excessive force but failed to

5

intervene. At this stage, these allegations are sufficient to state a failure to intervene claim against CO Barkhurst, Lt. Sanchez, and CO Ridley.

In addition, Plaintiff alleges that a number of other individuals violated his constitutional rights. The court will not allow Plaintiff to proceed with these unrelated claims against different defendants in a single action. *See George*, 507 F.3d at 609. These claims will therefore be dismissed without prejudice. Plaintiff may pursue these claims in separately filed actions consistent with *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), and Federal Rules of Civil Procedure 18(a) and 20. In short, Plaintiff may proceed on his excessive force claim against CO Oneill, CO Bliegler, CO McCrawley, CO Dorn, and CO Adderton; his claim of sexual assault against Sgt. Beahm; and his failure to intervene claim against CO Barkhurst, Lt. Sanchez, and CO Ridley.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to file an amended complaint (Dkt. No. 22) is **GRANTED**. The Clerk is directed to detach and e-file the amended complaint (Dkt. No. 22-1).

**IT IS FURTHER ORDERED** that Jennifer Kacyon, Mark Jensen, Dr. Deblanc, CO Leopold, Dr. Gruber, Dr. McLaren, Dr. Miller, Dr. Van Buren, Gwen Vick, Lt. Nelson, Lt. Dingman, Yana Pusich, Corene Gerbel, Anthony Meli, Brian Foster, Lt. Burns, Kevin Carr, Cathy Jess, Crystal Marchant, T. Moon, J. Muenchow, Anthony Ashworth, Mr. Keepers, and Kyle Tritt are **DISMISSED** as defendants.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

Dated at Green Bay, Wisconsin this 28th day of February, 2020.

s/ William C. Griesbach<br>
William C. Griesbach, District Judge<br>
United States District Court