UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRANDON D. BRADLEY,

    Plaintiff,

    v.    Case No. 20-C-82

JOSEPH BEAHM, et al.,

    Defendants.

## ORDER

    Plaintiff Brandon Bradley, Sr., who is currently serving a state prison sentence at Columbia Correctional Institution, filed the instant action pursuant to 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff has filed a motion for sanctions. Rule 11 allows the court to sanction a party for filing something for an improper purpose, presenting frivolous arguments, or asserting claims that lack evidentiary support. Fed. R. Civ. P. 11. In his motion, Plaintiff requests a $20,000 monetary sanction because he uncovered nine fabricated clips of all footage that he believes Defendant will submit as exhibits in this case. Defendants have not yet entered any exhibits in this case. Plaintiff's request for sanctions is based on disputed facts related to this case, which will be determined by a factfinder. Sanctions are not warranted based merely on Plaintiff's unsupported allegations. Plaintiff has not established that Defendants have violated Rule 11. Therefore, Plaintiff's motion for sanctions will be denied.

    Plaintiff has filed a motion for default judgment. He asserts that a default judgment is warranted because the defendants have acted in bad faith and committed perjury in responding to Plaintiff's interrogatories. But aside from his conclusory assertion, Plaintiff has provided no

evidence to support his request. At this point, there is no basis on which the court could enter a default judgment as a sanction. Plaintiff's motion for default judgment is therefore denied.

Plaintiff also filed a document entitled "Objection" in which he objects to any further rulings by this court. The court construes Plaintiff's objection as a motion for recusal. Plaintiff accuses this court of judicial misconduct, possibly accepting a bribe, having bias toward Plaintiff, and having sympathy for Defendants, among other reasons. 28 U.S.C. § 455 provides that a judge should be disqualified if "he has a personal bias or prejudice concerning a party . . . ." There is no basis for the court to recuse itself. It certainly has not accepted any bribes, and it has no bias or prejudice concerning Plaintiff. Plaintiff's assertion that this court has some hidden animus against him or has sympathy for Defendants is merely the product of speculation and frustration with the court's rulings against him. There is no basis for a recusal here.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for sanctions (Dkt. No. 53) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for default judgment (Dkt. No. 54) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's objections, which the court construes as a motion for sanctions (Dkt. No. 55) is **DENIED**.

Dated at Green Bay, Wisconsin this 28th day of July, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge